IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CR-159 |
| KEVIN TRENT BUSSELL, | ) | (VARLAN/SHIRLEY) |
| AMANDA BIBLE, | ) | |
| LEONARD BUSSELL, | ) | |
| GENEVA BUSSELL, | ) | |
| KENNETH TRENT MASON, | ) | |
| CRYSTAL NICOLE MASON, | ) | |
| CHRISTOPHER RAY MASON, | ) | |
| RANDY WILLIAMS, | ) | |
| JOHNNY HARVEY, | ) | |
| JACKIE MIZE, | ) | |
| BILLY MIZE, | ) | |
| CARSON DAY, | ) | |
| MARY LYNN CALDWELL, | ) | |
| TONYA MIRACLE, | ) | |
| NICOLE SEAL, | ) | |
| JESSICA WILSON, and | ) | |
| ALTHEA GAMBLE, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 2, 2011, for a scheduled pretrial conference and motion hearing on Defendant Leonard Bussell's Motion for Designation as Complex Case and Corresponding Motion for Adequate Time to Provide Effective Assistance of

1

Counsel [Doc.56][1] and Defendant Kevin Trent Bussell's Motion for Extension of Time for Filing Pretrial Motions [Doc. 118]. Assistant United States Attorney David C. Jennings appeared on behalf of the Government. All defense counsel were present. The following Defendants requested and were permitted to waive their presence at the hearing: Jessica Wilson [Doc. 82],[2] Nicole Seal [90], Crystal Nicole Mason [107], Leonard Bussell [124], Geneva Bussell [125], Tonya Miracle [126], Kenneth Trent Mason,[3] and Johnny Harvey.[4] The following Defendants were present at the hearing: Kevin Trent Bussell, Amanda Bible,[5] Christopher Ray Mason, Randy Williams, Jackie Mize, Billy Mize, Carson Day, Mary Lynn Caldwell, and Althea Gamble.

In his motion, Defendant Leonard Bussell asks the Court to continue the February 9, 2011 trial date and to declare the case complex for speedy trial purposes. He notes that this case involves twenty codefendants charged in various combinations in seven counts. Count One involves a conspiracy to distribute a variety of controlled substances over a two-year time period. He asserts that three federal agencies–the United States Attorney's Office, the Internal Revenue Service, and the Drug Enforcement Agency–have investigated the case, generating voluminous discovery, which

---

[1]Defendants Crystal Nicole Mason, Nicole Seal [Doc. 108], and Carson Day [Doc. 116] have been permitted to adopt this motion.

[2]Defendant Jessica Wilson's Motion to Waive Defendant's Appearance at Pretrial Conference [Doc. 82] is **GRANTED**.

[3]Defendant Kenneth Trent Mason waived his appearance by oral request at his initial appearance immediately before the motion hearing.

[4]Attorney Bruce Poston, who represents Defendant Johnny Harvey, made an oral motion that the Court excuse his client's presence at the hearing. This oral motion was granted.

[5]Defendant Bible, who is detained pending trial, executed a waiver [Doc. 123] of appearance but was inadvertently transported for the hearing anyway.

includes wire taps, evidence gained through the execution of search warrants, and financial records. Defendant Bussell maintains that the forfeiture allegations in this case involve numerous properties and allege liability for over $6 million in illegal narcotics. Defendant Bussell contends that the Government and Codefendants Geneva Russell, Jessica Wilson, and Nicole Seal do not oppose this motion.

The Court observes that all of those Defendants who filed written waivers of their appearance, noted their agreement with a continuance. Additionally, the Court polled defense counsel at the February 2 hearing, and all counsel stated that they had discussed the matter of a continuance with their clients, none of whom objected to a continuance. The Government confirmed that it had no objection to a trial continuance or to declaring the case complex for speedy trial purposes. The parties agreed to a new trial date of **August 15, 2011**.

The Court has previously granted [Doc. 108] Defendants Leonard Bussell, Tonya Miracle, Crystal Nicole Mason, Nicole Seal, Jessica Wilson, Randy Williams, and Billy Mize's motion to continue the motion-filing deadline and reciprocal discovery deadline due to the need for additional time to review voluminous discovery. In that Order, the Court stated that it would reset those deadlines at the pretrial conference. Defendant Kevin Bussell also moves [Doc. 118] the Court to continue the motion deadline, arguing that he entered the case in mid-January 2011 and needs to receive and review discovery. At the February 2 hearing, the Court set a new motion-filing deadline of **March 11, 2011**. Responses to motions are due on or before **April 8, 2011**. The Court set a motion hearing for **April 22, 2011, at 9:00 a.m.**, and advised counsel to please reserve that entire date for a hearing on any pretrial motions.

The Court finds the Defendants' motion to continue the February 9 trial date to be

well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). This case involves voluminous discovery, consisting of intercepted conversations from wire taps, evidence stemming from the search of property, and financial records. The Indictment [3] charges twenty Defendants in seven counts, including a conspiracy to distribute a variety of controlled substances, valued at $6 million, over a period of two years. The Indictment calls for the forfeiture of two residences, several vehicles, recreational vehicles, a boat, and other items of real property. Due to the nature of the prosecution, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, the Court finds and the parties agree that a continuance is warranted in this case because the case is "complex" for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Once counsel complete their review of discovery, they will need time to prepare pretrial motions, in addition to the six pretrial motions presently pending. Following the hearing on any motions, the Court will need time, not to exceed thirty days, to issue a ruling or a report and recommendation. 18 U.S.C. § 3161(h)(1)(H). If the Defendants' raise dispositive issues, which the Court must address by report and recommendation, the parties will subsequently need time to file any objections to this Court's report. Then, the District Court will need time to rule upon the motions in light of the report and objections. Once the parties receive the Court's rulings, they will need time to prepare for trial. The Court finds that all of this could not take place by the February 9 trial date or in less than six and one-half months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time necessary to prepare for trial despite their use of due

diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Leonard Bussell's motion to continue the trial [**Doc. 56**] is **GRANTED**, and the trial is reset for **August 15, 2011**. The Court also finds that all the time between the filing of the motion on December 17, 2010, and the new trial date of August 15, 2011, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(h)(1)(H), and -(h)(7)(A)-(B).

With regard to additional scheduling in this case, the Government is to provide all discovery to Defendants Kenneth Trent Mason and Althea Gamble, who had their initial appearance and arraignment immediately before the motion hearing, by **February 15, 2011**. The discovery deadline for all other Defendants has already passed. As noted above, Defendant Kevin Bussell's motion [**Doc. 118**] to extend the deadline for filing motions is also **GRANTED**, and the new motion deadline is **March 11, 2011**. Responses are due on **April 8, 2011**. The parties are to appear before the undersigned on **April 22, 2011, at 9:00 a.m.**, for a pretrial conference and motion hearing on all pending motions. This date is also the deadline for the provision of reciprocal discovery. The deadline for concluding plea negotiations in this case is **July 5, 2011**. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **August 1, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **August 5, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Jessica Wilson's Motion to Waive Defendant's Appearance at Pretrial Conference [Doc. 82] is **GRANTED**;

(2) Defendant Leonard Bussell's Motion for Designation as Complex Case and Corresponding Motion for Adequate Time to Provide

Effective Assistance of Counsel [**Doc. 56**] is **GRANTED**;

(3) The trial of this matter is reset to commence on **August 15, 2011**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) This case is **DECLARED** complex for purposes of the Speedy Trial Act;

(5) All time between the filing of Defendant Leonard Bussell's motion on **December 17, 2010**, and the new trial date of **August 15, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The Government is to provide discovery to Defendants Kenneth Trent Mason and Althea Gamble by **February 15, 2011**;

(7) Defendant Kevin Bussell's motion [**Doc. 118**] to extend the deadline for filing motions is also **GRANTED**, and the motion-filing deadline is extended to **March 11, 2011**;

(8) Responses to motions are due on or before **April 8, 2011**;

(9) The parties are to appear before the undersigned for a pretrial conference and motion hearing on **April 22, 2011, at 9:00 a.m.** This day is also the deadline for providing reciprocal discovery;

(10) The plea negotiation cut-off deadline in this case is reset to **July 5, 2011**;

(11) Motions *in limine* must be filed no later than **August 1, 2011**; and

(12) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **August 5, 2011**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge