# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 3:10-CR-159 |
| Kevin Trent Bussell | ) |
| *Defendant* | ) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

X for which a maximum prison term of ten years or more is prescribed in 21 U.S.C. § 841 & 846 .

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

    X   under 18 U.S.C. § 924(c).

X  (2)    The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☐  (1)    There is a serious risk that the defendant will not appear.

☐  (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by   X  clear and convincing evidence    ☐ a preponderance of the evidence that

the Defendant is a danger to another or the community because (1) the nature and circumstances of the offense involve both controlled substances and firearms, 18 U.S.C. § 3142(g)(1); (2) both the weight of the evidence of the offenses and of the Defendant's dangerousness (as revealed by the intercepted telephone calls encouraging harm to a suspected informant) is substantial, 18 U.S.C. § 3142(g)(2); (3a) the Defendant has a history of drug and alcohol abuse, of bad decisions when faced with stressful situations, and of unwillingness to cooperate with the rehabilitative efforts of his supportive family,18 U.S.C. § 3142(g)(3)(A); (3b) the Defendant was on release from state charges of coercing a witness and assault during the pendency of the alleged conspiracy, 18 U.S.C. § 3142(g)(3)(B); and the Defendant is a danger to others based upon his participation in widespread drug trafficking, his access to firearms, and his participation in telephone calls in which he encouraged harm to a suspected informant, 18 U.S.C. § 3142(g)(4). I further find that no conditions of release, including that the Defendant live with his sister, would reasonably assure the safety of another person or the community. 18 U.S.C. § 3142(e).

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 2 of 3

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

**Part III—Directions Regarding Detention**

      The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: *nunc pro tunc* to May 20, 2011        s/ C. Clifford Shirley, Jr.

                                                                             *Judge's Signature*

                                      C. Clifford Shirley, Jr., United States Magistrate Judge

                                                                               *Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 3 of 3