IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-159 |
| | ) | |
| KEVIN TRENT BUSSELL, | ) | (VARLAN/SHIRLEY) |
| LEONARD BUSSELL, | ) | |
| GENEVA BUSSELL, | ) | |
| RANDY WILLIAMS, | ) | |
| JACKIE MIZE, | ) | |
| CARSON DAY, | ) | |
| NICOLE SEAL, | ) | |
| JESSICA WILSON, and | ) | |
| ALTHEA GAMBLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate. This case came before the Court on July 22, 2011, for a motion hearing

on Defendant Geneva Bussell's Motion to Continue [Doc. 309] the August 15, 2011 trial of this

case. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. The

following defense counsel were present, along with their clients: Attorney Tommy K. Hindman

representing Defendant Geneva Bussell, Attorney Russell T. Greene representing Defendant Jackie

Mize, Attorney Les Jeffress representing Defendant Carson Day, Attorney Jonathan Cooper

representing Nicole Seal, and Attorney Robert R. Kurtz representing Defendant Jessica Wilson. The

1

following defense counsel appeared by telephone: Attorney John E. Eldridge, who represents Defendant Kevin Trent Bussell (who was not present); Attorney G. Scott Green, who represents Defendant Leonard Bussell (who was present in the courtroom), and Attorney Gerald L. Gulley, Jr., who represents Defendant Althea Gamble (who was not present). Attorneys Mike Whalen and Wesley Stone appeared briefly for Defendant Randy Williams and informed the Court that Defendant Williams was no longer proceeding to trial.

Defendant Geneva Bussell asks the Court to continue the trial to permit her to complete testing and a hearing to determine her competency to stand trial. On May 24, 2011, the Court ordered [Doc. 285] that Ms. Bussell undergo a mental evaluation to determine her competency to stand trial. The Defendant selected Dr. James Murray to conduct this evaluation. Ms. Bussell moved the Court [Doc. 298] to permit additional testing by a neuropsychologist or neurologist, which Dr. Murray needs in order to reach an opinion on her competency. At the hearing, Attorney Hindman informed the Court that this additional testing would not be complete until close to the trial date and that, moreover, Dr. Murray would not be able to render an option as to the Defendant's competency until after the trial date. Once Dr. Murray completes his evaluation and report, the Government may choose to have its own expert evaluate Ms. Bussell. Upon completion of all evaluations and the corresponding reports, the Court will conduct a hearing to determine whether Ms. Bussell is competent to stand trial.

The parties agreed upon a new trial date of January 17, 2012. The Court questioned the parties, none of whom objected to the new trial date. Attorney Eldridge stated that he had been out of town since the issue of the trial continuance had arisen and that he had not had the opportunity to discuss the matter with Defendant Kevin Trent Bussell, who is in custody.

2

The Court finds the motion to continue the August 15 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). As an initial matter, the Court observes that it has already found [Doc. 138] that, due to the number of defendants and the nature of the prosecution, "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act, and has declared the case to be complex. 18 U.S.C. § 3161(h)(7)(B)(ii). Now, the Court finds that Defendant Geneva Bussell has shown reasonable grounds to question her competency to stand trial and is in the process of getting a mental evaluation to determine her competency. 18 U.S.C. § 3161(h)(1)(A) (excluding delay resulting from examinations to determine a defendant's mental competency). Upon completion of this mental evaluation, and any corresponding mental evaluation by a Government expert, the Court will conduct a hearing to determine Ms. Bussell's competency. The Court finds that Ms. Bussell's mental evaluation and competency determination cannot take place before the current trial date. Moreover, to require Ms. Bussell to proceed to trial before her competency evaluation is complete would be a "miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

Additionally, the Court notes that pending before it are some forty pretrial motions filed by the Defendants. The Court heard evidence and argument on the bulk of these motions on May 13 and May 20, 2011. On June 27, 2011, the Government moved [Doc. 299] the Court to review Attorney Eldridge's representation of Defendant Kevin Trent Bussell to determine whether a conflict of interest existed based upon successive representation that would prevent Mr. Eldridge from continuing to represent this defendant. The Court held a hearing on this motion on July 13, 2011, and took the matter under advisement. The Court now needs time to complete its review of

3

the pending motions and to issue rulings or reports and recommendations on numerous, weighty legal issues. The parties will subsequently need time to file any objections to this Court's orders and reports. Then, the District Court will need time to rule upon the motions in light of the reports and objections. Once the parties receive the Court's rulings, they will need time to prepare for trial. The Court finds that all of this could not take place by the August 15 trial date or in less than six months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Finally, the Court observes that counsel for Defendant Kevin Trent Bussell, who is detained pending trial, was not able to consult with Defendant Bussell about the trial continuance. Nevertheless, the Court observes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[1] Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong
> Congressional preference for joint trials and an intention that delays

---

[1] Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

4

> attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, Defendant Kevin Trent Bussell stands indicted with the above listed codefendants, including Defendant Geneva Bussell. The Court has already found that a continuance is necessary to permit the determination of Defendant Geneva Bussell's competency to stand trial. A continuance is also necessary for the Court to rule upon numerous pending pretrial motions, including six motions to suppress evidence filed by Defendant Kevin Trent Bussell as well as the matter of Defendant Kevin Trent Bussell's representation by Mr. Eldridge. Thus, the Court finds the delay caused by the determination of Defendant Geneva Bussell's competency and the resolution of the pending motions to be reasonable, especially in light of the complexity of this case. As Defendant Kevin Trent Bussell has raised no motion to sever himself for a separate trial, the Court finds that the delay attributable to Defendant Geneva Bussell and the other codefendants is also attributable to Defendant Kevin Trent Bussell. 18 U.S.C. § 3161(h)(6).

Defendant Geneva Bussell's Motion to Continue [**Doc. 309**] is **GRANTED**, and the trial is reset for **January 17, 2012**. The Court also finds, and the parties agreed, that all the time between the filing of the motion on July 14, 2011, and the new trial date of January 17, 2012, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. §

3161(h)(1)(A), -(h)(1)(D), and -(h)(7)(A)-(B). With regard to additional scheduling in this case, the deadline for completing plea negotiations is **January 3, 2012**. The Court instructs the parties that all motions *in limine* must be filed no later than **January 3, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **January 6, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Geneva Bussell's Motion to Continue [**Doc. 309**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 17, 2012**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion to continue on **July 14, 2011**, and the new trial date of **January 17, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The plea negotiation cut-off deadline in this case is reset to **January 3, 2012**;

(5) Motions *in limine* must be filed no later than **January 3, 2012**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **January 6, 2012**.

**IT IS SO ORDERED.**

ENTER:


    s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge

6