IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-159 |
| | ) | |
| KEVIN TRENT BUSSELL, et. al., | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the following pretrial motions:

(1) Defendants' Motions to Adopt [Docs. 122, 177, 178, 182, 184, 200, 211, 213, 249, 250, 251, 252, 253, and 288];

(2) Defendant Randy Williams' Motion for Agents to Retain Rough Notes [Doc. 98], filed January 12, 2011;

(3) Defendant Leonard King Bussell's Motion to Require the Government to Designate Those Intercepted Communications Which It Intends to Introduce in Its Case in Chief [Doc. 166], filed March 8, 2011;

(4) Defendant Jackie Mize's Motion to Require the Government to Designate Those Intercepted Communications Which It Intends to Introduce in Its Case in Chief [Doc. 167], filed March 9, 2011;

(5) Defendant Jessica Wilson's Motion Requesting Designation of Intercepted Communications Which the Government Intends to Introduce in Its Case in Chief [Doc. 176], filed March 11, 2011;

(6) Defendant Leonard Bussell's Motion to Adopt and Expand Paragraph Eleven of the Greeneville Division Scheduling Order [Doc.

1

152], filed February 23, 2011;

(7) Defendant Nichole Seal's Motion for Disclosure and Specification of All Statements Which the Government Will Seek to Attribute to Defendant [Doc. 191], filed March 18, 2011;

(8) Defendant Randy Williams' Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of the Defendant [Doc. 100], filed on January 12, 2011; and

(9) Defendant Randy Williams' First Motion in Limine to Preclude Introduction of a Purported Statement by Randy Williams [Doc. 102], filed January 12, 2011.

The parties appeared before the undersigned for a motion hearing on May 13, 2011. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. The following defense counsel were present, along with their clients: Attorney John E. Eldridge, representing Defendant Kevin Trent Bussell, Attorney G. Scott Green, representing Defendant Leonard King Bussell, Attorney Tommy K. Hindman, representing Defendant Geneva Bussell, Attorney Russell T. Greene, representing Defendant Jackie Mize, Attorney Jonathan D. Cooper, representing Defendant Nicole Seal, and Attorney Robert R. Kurtz, representing Defendant Jessica Wilson. Attorney Mike Whalen represented Defendant Randy Williams,[1] and Attorney Gerald L. Gulley, Jr., represented Defendant Althea Gamble, who were not present. After hearing the arguments of the parties, the Court took the motions under advisement. The Court now addresses each of these motions in turn.

The Defendants are charged in varying counts of a seven-count Indictment [Doc. 3]

---

[1] Defendant Randy Williams withdrew all of his pending motions at the start of the May 13, 2011 motion hearing. To the extent that his motions have been adopted by co-defendants, they will be addressed in this Memorandum and Order, and the Court's rulings will apply to the co-defendants.

with conspiracy to distribute controlled substances, firearms offenses, and money laundering.

## I. MOTIONS TO ADOPT

Defendants Jessica Wilson, Jackie Mize, Kevin Trent Bussell, Althea Gamble, Leonard King Bussell, Geneva Bussell, and Roger Gerrid Bussell have moved [Docs. 122, 177, 178, 182, 184, 200, 211, 213, 249, 250, 251, 252, 253, and 288] to adopt the motions of their co-defendants. The motions of Defendants Jessica Wilson, Jackie Mize, Kevin Trent Bussell, Althea Gamble, Leonard King Bussell, and Geneva Bussell **[Docs. 122, 177, 178, 182, 184, 200, 211, 213, 249, 250, 251, 252, and 253]** are **GRANTED**. The Court's rulings on the underlying motions are applicable to the adopting party or parties as well. Because he has entered a change of plea [Doc. 329] in this case, Defendant Roger Gerrid Bussell's Motion to Adopt **[Doc. 288]** is **DENIED as moot**.

## II. MOTION FOR AGENTS TO RETAIN ROUGH NOTES

Defendant Kevin Trent Bussell, who has adopted [Doc. 184] Defendant Randy Williams' Motion for Agents to Retain Rough Notes [98] and Memorandum in Support of Randy Williams' Motion for Agents to Retain Rough Notes [99],[2] requests an order directing all agents, who investigated this case to retain all rough notes taken as a part of their investigation of the case. The Government responds [Doc. 121] that the entry of the Order on Discovery and Scheduling [Doc. 11] and the fact that counsel for the Government has already requested that the agents involved in

---

[2]Defendant Randy Williams withdrew all of his pending motions at the start of the May 13, 2011 motion hearing.

3

Case 3:10-cr-00159-TAV-CCS   Document 343   Filed 10/12/11   Page 3 of 16   PageID #: 2538

this case preserve all notes render the motion moot.

The Court entered an Order on Discovery and Scheduling [Doc. 11] on December 8, 2010, which was before Defendant Kevin Trent Bussell's January 18, 2011 initial appearance and arraignment. The Order on Discovery and Scheduling applies to Defendant Kevin Trent Bussell. Thus, the Court has already ordered in the scheduling order [Doc. 11, para. H] the relief requested by the Defendant: "The government shall advise its agents and officers involved in this case to preserve all rough notes." Moreover, the Government has so directed its agents. Accordingly, Defendant Kevin Trent Bussell's adopted Motion for Agents to Retain Rough Notes **[Doc. 98]** is **DENIED as moot.**

### III. DESIGNATION OF INTERCEPTED CALLS

Defendants Leonard King Bussell [Doc. 166], Jackie Mize [Doc. 167], Jessica Wilson [Doc. 176], and Defendant Kevin Trent Bussell, who has adopted these motions [Doc. 184 and Doc. 200], request that the Government be required to designate which telephone calls it intends to introduce in its case-in-chief at trial. The Defendants assert that the Government has through discovery provided line sheets for each of the telephone calls intercepted through its wiretap investigation from October 20, 2010 to November 5, 2010. The Defendants contend that the disclosure includes over 10,000 line sheets for one telephone number alone and that it is impossible, or at least impractical, for defense counsel to review the entirety of the telephone calls and adequately prepare for trial.

Defendant Nichole Seal filed a similar Motion for Disclosure and Specification of All Statements Which the Government Will Seek to Attribute to Defendant [Doc. 191]. In the relevant

4

portion of her motion [Doc. 191, para. 2],[3] Defendant Seal requests that the Court order the Government to give her notice of its intent to use any statements made by the Defendant subject to disclosure under Rule 16 that it intends to use in its case-in-chief at trial pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure. At the May 13 hearing, the Defendants also asserted that the line sheets are not easily searchable because the speakers on the telephone calls did not use names to indicate who was speaking during the calls and because the names of the Defendants have not always been spelled correctly.

The Government responds to all of these motions [Doc. 232] that the wiretap information was provided to the Defendants in a PDF format, which is fully searchable, allowing them to locate the telephone calls attributable to each Defendant. Further, citing United States v. Prince, 618 F.3d 551, 562 (6th Cir. 2010), the Government contends that the Defendants' request is essentially a request for an exhibit list for trial, to which they are not entitled. The Government also asserts that Rule 12(b)(4), as cited by Defendant Seal, does not support the Defendants' request for designation because the contents of the telephone calls will not lead to the filing of a motion to suppress the use of the evidence at trial. At the hearing, the Government additionally argued that requiring it to designate which telephone calls it intends to use at trial by an earlier deadline will lock in its case and disrupt the fluidity of trial preparation.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure requires the government, upon request of the defendant, to give notice to the defendant of the

---

[3]Defendant Nichole Seal's Motion for Disclosure and Specification of All Statements Which the Government Will Seek to Attribute to Defendant [Doc. 191] also requests that the Government disclose statements made by any other defendant, which the Government will seek to attribute to Defendant Seal. That section of her motion and the ruling on the motion will be taken up in the next section of this Memorandum and Order.

5

government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir. 1978), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. See id. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends to use such evidence in its case-in-chief.[4] Here, as the Government points out, the Defendants will not move to suppress the wiretap on the basis of the contents of the telephone calls, but on any possible defects in obtaining the wiretap itself. Moreover, Defendant Leonard Bussell [Doc. 171], and through adoption Kevin Trent Bussell [Doc. 184] and Geneva Bussell [Doc. 250], have already moved to suppress wiretap evidence on the basis of the procurement of the wiretap in this case. Accordingly, the designation of the calls intended for use in the Government's case-in-chief at trial

---

[4]The Court notes that the government is not required to wait for the defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.

would not serve the purpose of aiding in the preparation of suppression motions as contemplated by Rule 12(b)(4)(B). Accordingly, Rule 12(b)(4)(B) does not apply in this case as it does not provide for the relief requested by the Defendants.

However, district courts "possess[ ] wide discretion in controlling discovery proceedings under" under Rule 16. United States v. Armes, 470 F.2d 1353, 1355 (6th Cir. 1972) (citing Hansen v. United States, 393 F.2d 763 (8th Cir. 1968)). Due to the large volume of calls produced by the wiretap investigation and disclosed to the Defendants by the Government under Rule 16, and the lack of names spoken on the telephone calls, rendering the PDF-formatted line sheets unsearchable in some instances, the Court finds that the Government should designate which calls it intends to use in its case-in-chief at trial one week prior to the plea agreement negotiation cut-off,[5] for the Defendants. Given the plea agreement cut-off of January 3, 2012 in this case, one week prior to that deadline currently falls on December 27, 2011. This does not necessarily preclude the Government from adding or changing which calls it intends to use after it so designates to the Defendants, but the Government will need to timely designate those new calls it intends to introduce at trial as they are added or changed, and if objected to by the Defendants, will need to show good cause why the new calls were not designated by the deadline.

Accordingly, Defendant Leonard King Bussell's Motion to Require the Government to Designate Those Intercepted Communications Which It Intends to Introduce in Its Case in Chief **[Doc. 166]**, Defendant Jackie Mize's Motion to Require the Government to Designate Those

---

[5]The plea agreement cut-off deadline in this case is presently set for January 3, 2012, and the trial is set for January 17, 2012. Thus, the designation required is only three weeks prior to trial. If the date of the plea agreement cut-off is changed prior to trial, the Government's deadline for designation of telephone calls will move with it and will remain set for one week prior to the plea cut-off in this case.

7

Intercepted Communications Which It Intends to Introduce in Its Case in Chief **[Doc. 167]**, Defendant Jessica Wilson's Motion Requesting Designation of Intercepted Communications Which the Government Intends to Introduce in Its Case in Chief **[Doc. 176]**, and Defendant Kevin Trent Bussell's motion to designate the communications, as adopted, are **GRANTED**. The Government is **ORDERED** to designate to the Defendants which calls it intends to use in its case-in-chief one week prior to the plea negotiation cut-off deadline, presently set as **January 3, 2012**.

### IV. DESIGNATION OF CO-CONSPIRATORS STATEMENTS

Defendant Leonard Bussell's Motion to Adopt and Expand Paragraph Eleven of the Greeneville Division Scheduling Order [Doc. 152], adopted by Defendants Jessica Wilson [Doc. 178] and Geneva Bussell [Doc. 251], requests that the Court adopt and expand upon paragraph 11 of the Greeneville Division of the Eastern District of Tennessee's Scheduling Order, and to require the Government to disclose all Rule 801(d)(2)(E) statements to the Defendants not less than thirty days before trial. In support of this request, the Defendant asserts that this case once had over twenty Defendants and that the Government's investigation lasted over a period of several months, encompassing several states.

The Greeneville Division's Scheduling Order, as cited in Defendant Leonard Bussell's motion, requires the Government to file a trial brief by the Friday before trial, including the substance of the Rule 801(d)(2)(E) statements it intends to introduce; when, where and to whom the statements were made; and a summary of the evidence the Government intends to present at trial to establish the existence of the conspiracy and that the statements were made during and in furtherance of the conspiracy, as required by Rule 801(d)(2)(E). The Greeneville Division

8

Scheduling Order further requires that a defendant planning to contest the admissibility of any of the statements in the Government's trial brief must file a motion indicating the reasons for its opposition to the statements prior to trial. Here, the Defendants assert that the utilization and expansion of this procedure will expedite and streamline the trial, given the multiple defendants and breadth of the communications recorded in this case.

Additionally, as mentioned above, Defendant Nichole Seal's Motion for Disclosure and Specification of All Statements Which the Government Will Seek to Attribute to Defendant [Doc. 191] and Memorandum in Support of Motion to Disclose and Specify Statements of Defendant [Doc. 192], adopted by Defendants Kevin Trent Bussell [Doc. 200] and Geneva Bussell [Doc. 252], in part advance a similar argument. Those Defendants request that the Court order the Government to disclose pursuant to Rule 16(a)(1), "any and all written, recorded or oral statements, by whomever made, which the [G]overnment will seek to attribute to Defendant, including, but not limited to, statements by alleged co-conspirators, adoptive admissions or any other vicarious utterance of any kind." Defendant Seal asserts that while the Government has likely provided all recorded and unrecorded statements, which could possibly be attributed to her, the Government has not identified which, if any, of the recorded statements were made by or attributable to Defendant Seal. Accordingly, she contends that requiring defense counsel to listen to the entire large volume of calls places an unreasonable burden on her defense.

The Government responds [Doc. 228] that the procedure proposed by the Defendants would be burdensome and uneconomic. The Government further asserts that this division has never required the Government to file a trial brief as requested by the Defendants. The Government contends that the magistrate judges here should continue to defer to the practices of the District

9

Court because the historical practice without the proposed procedure has not produced adverse effects thus far. The Government argues that ordering it to disclose the statements and evidence it intends to introduce at trial will allow the Defendants to learn details about the Government's case that they should not learn prior to trial.

Rule 16 requires that the government disclose a defendant's oral statement made during interrogation by a person the defendant knew to be a government agent if the government intends to use the oral statement at trial. Fed. R. Crim. P. 16(a)(1)(A). The rule also requires disclosure of a defendant's written or recorded statement in the government's custody or control and which the government knows to exist, a portion of a written record containing the statement of the defendant made in response to interrogation by a known government agent, and the defendant's recorded grand jury testimony relating to the charged offense. Fed. R. Crim. P. 16(a)(1)(B). "Each defendant is entitled to inspect his own testimony and the statements made by him but he is not entitled to inspect the testimony of his co-defendants or to examine their statements unless they agree." United States v. Turner, 274 F. Supp. 412, 418 (E.D. Tenn. 1967); see also United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988) (citing with approval a Fourth Circuit case, which holds that a defendant may not discover the statements of co-defendants under Rule 16). The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2.

Thus, in the present case, the Defendants are not entitled to inspect the statements of their co-defendants or other uncharged co-conspirators unless and until they testify at trial. With regard to the Defendants' own statements, the Court has already ordered [Doc. 11, paras. A, 1 and B, 1] their disclosure, and the Government has provided the Defendants with the breadth of wiretap evidence in this case.

Defendant Seal's request [**Doc. 191**], and by adoption Defendants Kevin Trent Bussell and Geneva Bussell's requests, for the pretrial disclosure of statements other than their own is **DENIED**. As described in the section above, the Government is **ORDERED** to designate which of the calls it intends to introduce in its case-in-chief to each of the Defendants one week prior to the plea agreement cut-off deadline. Accordingly, Defendant Nichole Seal's Motion for Disclosure and Specification of All Statements Which the Government Will Seek to Attribute to Defendant **[Doc. 191]**, as adopted by Defendants Kevin Trent Bussell and Geneva Bussell, is **GRANTED in part**, with regard to the designation of their own statements, and **DENIED in part**, with regard to the disclosure or designation of the statements of co-defendants.

With regard to Defendant Leonard Bussell's Motion to Adopt and Expand Paragraph Eleven of the Greeneville Division Scheduling Order [Doc. 152], adopted by Defendants Jessica Wilson [Doc. 178] and Geneva Bussell [Doc. 251], the Court declines to require the Government to file a trial brief thirty days prior to, or by the Friday before trial as required in the Greeneville Division of this District. Again, the Government must designate which calls it intends to introduce in its case-in-chief against each of the Defendants individually. However, the Court declines to depart from this district's chosen procedure regarding the introduction of Rule 801(d)(2)(E) statements of co-conspirators. Accordingly, Defendant Leonard Bussell's Motion to Adopt and

11

Expand Paragraph Eleven of the Greeneville Division Scheduling Order **[Doc. 152]**, as adopted by Defendants Jessica Wilson and Geneva Bussell, is **DENIED**.

## V. PRETRIAL HEARING ON THE EXISTENCE OF A CONSPIRACY

Defendant Randy Williams' Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of the Defendant [Doc. 100] and his Memorandum in Support of Motion Hearing on Existence of a Conspiracy [Doc. 101] were adopted by Defendant Leonard Bussell [Doc. 122], Defendant Jessica Wilson [Doc. 177], Defendant Jackie Mize [Doc. 182], Defendant Kevin Trent Bussell [Doc. 184], Defendant Geneva Bussell [Doc. 249], and Defendant Althea Gamble [Doc. 211].[6] The motion argues that a pretrial hearing on the existence of a conspiracy is necessary in this case to determine in advance of trial: (1) whether a conspiracy exists as charged, (2) whether the Defendant was a member of the conspiracy, and (3) whether any statements or acts, which the Government intends to introduce at trial were made in the course of and in furtherance of the conspiracy in question. In support of this request, the Defendants assert that this case is particularly susceptible to the danger of prejudice from introducing statements of co-conspirators prior to the Government having proven the existence of a conspiracy, but the motion does not specify a reason for this assertion.

The Government responds [Doc. 121] that a pretrial hearing on this matter would be "unduly burdensome, time consuming, and uneconomic." Additionally, the Government asserts that a pretrial hearing would allow the Defendants to learn the identify of government witnesses and

---

[6]As noted above, Defendant Randy Williams withdrew all of his pending motions at the start of the May 13, 2011 motion hearing. This is now the motion of the Defendants, by whom it was adopted.

details about the Government's evidence, which Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500, do not permit. Further, the Government iterates that this district does not make a practice of holding pretrial hearings on the existence of conspiracies.

The Federal Rules of Evidence require that for a statement of a coconspirator to be admissible non-hearsay, the statement must be made "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). With regard to the determination of the existence of the conspiracy as a requirement of introducing a co-conspirator's statement, the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979) (citing United States v. Enright, 579 F.2d 980 (6th Cir. 1978)). The Court notes that it is the general practice in this district to use the third of these options, the provisional admission method.

Moreover, the Sixth Circuit has contemplated that a mistrial may be the ultimate result of the provisional admission of coconspirator statements: "If, [after provisionally admitting the statements at issue], the court finds that the government has failed to carry its burden [of proving all the elements of Rule 801(d)(2)(E)], it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." Vinson, 606 F.2d at 153. Thus, the fact that a mistrial could be the ultimate result is not a "prejudice" specific to these Defendants or this case but exists every time the provisional admission method is employed.

13

While the Defendants argue that this case is "an almost classical situation mandating the conducting of a pretrial hearing requiring the showing of a conspiracy and of the connection of the Defendant with it before admitting any declarations of co-conspirators," they do not assert any specific reason why a lack of a pretrial hearing would prejudice them. The Court finds that the Defendants have not shown that the provisional admission option will cause them some prejudice unique to this case. As mentioned above, the Defendants are free to ask the District Judge, by way of a motion *in limine*, to consider alternative methods of handling coconspirator statements, such as the parties provision of trial briefs on the admissibility of co-conspirator statements.

Because the Defendants' motion [Doc. 100] relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice of the District Court to permit the government to present the statement before proving the conspiracy and then instructing the jury that the government must prove the conspiracy before it can consider the statement. Accordingly, Defendant Randy Williams' Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of the Defendant [**Doc. 100**] is **DENIED** at this time. This motion is also denied with respect to Defendants Leonard Bussell, Jessica Wilson, Jackie Mize, Kevin Trent Bussell, Geneva Bussell, and Althea Gamble.

### VI. DEFENDANT RANDY WILLIAMS' MOTION IN LIMINE

Defendant Randy Williams filed his First Motion in Limine to Preclude Introduction of a Purported Statement by Randy Williams [Doc. 102], on January 12, 2011. At the motion hearing on May 13, 2011, counsel for Defendant Randy Williams orally moved to withdraw all of his pending motions in this case. Defendant Randy Williams' oral motion to withdraw all of his

14

pending motions is **GRANTED**. Accordingly, Defendant Randy Williams' First Motion in Limine to Preclude Introduction of a Purported Statement by Randy Williams **[Doc. 102]**, as well as any other motions pending on his behalf, are **DENIED as moot**.

Accordingly, it is **ORDERED**:

(1) Defendants' Motions to Adopt **[Docs. 122, 177, 178, 182, 184, 200, 211, 213, 249, 250, 251, 252, 253]** are **GRANTED**;

(2) Defendant Roger Gerrid Bussell's Motion to Adopt **[Doc. 288]** is **DENIED as moot**.

(3) Defendant Kevin Trent Bussell's adopted Motion for Agents to Retain Rough Notes **[Doc. 98]** is **DENIED as moot**;

(4) Defendant Leonard King Bussell's Motion to Require the Government to Designate Those Intercepted Communications Which It Intends to Introduce in Its Case in Chief **[Doc. 166]**, Defendant Jackie Mize's Motion to Require the Government to Designate Those Intercepted Communications Which It Intends to Introduce in Its Case in Chief **[Doc. 167]**, Defendant Jessica Wilson's Motion Requesting Designation of Intercepted Communications Which the Government Intends to Introduce in Its Case in Chief **[Doc. 176]**, and Defendant Kevin Trent Bussell's motion to designate the communications, as adopted, are **GRANTED**;

(5) The Government is **ORDERED** to designate to the Defendants which calls it intends to use in its case-in-chief one week prior to the plea negotiation cut-off deadline, presently set as **January 3, 2012**;

(6) Defendant Nichole Seal's Motion for Disclosure and Specification of All Statements Which the Government Will Seek to Attribute to Defendant **[Doc. 191]**, as adopted by Defendants Kevin Trent Bussell and Geneva Bussell, is **GRANTED in part**, with regard to the designation of their own statements, and **DENIED in part**, with regard to the disclosure or designation of the statements of co-defendants;

(7) Defendant Leonard Bussell's Motion to Adopt and Expand Paragraph Eleven of the Greeneville Division Scheduling Order **[Doc. 152]**, as adopted by Defendants Jessica Wilson and Geneva Bussell,

is **DENIED**;

(8) Defendant Randy Williams' Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of the Defendant [**Doc. 100**] is **DENIED** at this time. This motion is denied with respect to Defendants Leonard Bussell, Jessica Wilson, Jackie Mize, Kevin Trent Bussell, Geneva Bussell, and Althea Gamble;

(9) Defendant Randy Williams' oral motion to withdraw all of his pending motions is **GRANTED**; and

(10) Defendant Randy Williams' First Motion in Limine to Preclude Introduction of a Purported Statement by Randy Williams **[Doc. 102]** is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge