UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-159 |
| | ) | (VARLAN/SHIRLEY) |
| KEVIN TRENT BUSSELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation, entered on November 10, 2011, by United States Magistrate Judge C. Clifford Shirley, Jr. (the "R&R") [Doc. 349]. The R&R addresses Defendant Leonard Bussell's Motion to Suppress All Intercepted Communications Wherein Leonard Bussell Is a Participant in the Communication [Doc. 171], which was adopted by defendant Kevin Trent Bussell and defendant Geneva Bussell [Docs. 184, 250]. The parties appeared before the magistrate judge for a hearing, who then took the matter under advisement before issuing the R&R. In the R&R, Magistrate Judge Shirley recommends that the motion be denied [Doc. 349].[1] Defendant Kevin Trent Bussell defendant filed objections to the R&R [Doc. 350], and the government filed a response to those objections [Doc. 352]. Defendant Geneva Bussell did not file any objections to the R&R, and enough time has passed since the filing of the R&R

---

[1] The Court notes that since the R&R was entered, the Court granted defendant Leonard Bussell's motion to dismiss by reason of abatement [Doc. 353]. Thus, this order is no longer relevant to defendant Leonard Bussell's case.

to treat any objections as having been waived by her.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.

## I. Background

The defendants in this case are charged in varying counts of a seven-count indictment with conspiracy to distribute controlled substances, firearms offenses, and money laundering [Doc. 3].  The motion to suppress centers around two applications for authorization to intercept telephone conversations submitted by Special Agent Bethel Poston of the Drug Enforcement Administration ("DEA") on October 20, 2010, and November 5, 2010.

The October 20 application pertained to defendant Kevin Trent Bussell's landline telephone and included an affidavit of Agent Poston.  The Honorable Thomas W. Phillips, United States District Judge, signed an order authorizing the wiretap requested by that application.  The interception of the landline telephone began on October 21, 2010.  The November 5 application pertained to defendant Kevin Trent Bussell's cellular telephone and also included an affidavit of Agent Poston.  Judge Phillips also authorized this wiretap, and the interception of the cellular telephone began on November 8, 2010.  Following several weeks of telephone-call interception, the agents in this case utilized the information obtained from the calls to apply for several search warrants, the results of which are the subject of suppression motions not presently before the Court.

Pursuant to the motion to suppress, defendants argued that the applications were insufficient to support the orders authorizing the wiretaps.  Specifically, defendants argued that the agents investigating their case were employing traditional investigative techniques

(e.g., confidential informants, controlled purchases, recorded telephone calls, and video and audio recordings from within defendant Kevin Trent Bussell's residences in Tennessee and Florida) prior to and at the time of the wiretap applications and that those techniques were, and would have continued to be, successful. Further, defendants asserted that the conspiracy exceeded a membership of seventy persons and that law enforcement could have performed surveillance on those individuals and could have obtained pharmaceutical records as part of its investigation. Finally, they suggested that the case against them at the time of the October 20 wiretap application was already overwhelming and that a wiretap was thus unnecessary.

The defendants also requested, during the hearing before Magistrate Judge Shirley, an evidentiary hearing to enable the Court to hear and consider the testimony of Agent Poston in determining whether the applications met the necessity requirement of 18 U.S.C. § 2518(1)(c). They submitted that the Court's review of the wiretap authorizations should not be limited to the four corners of the affidavit.

In the R&R, the magistrate judge first takes up the defendants' request for an evidentiary hearing. He addresses two cases discussed by the parties during the hearing, *United States v. Rice*, 478 F.3d 704 (6th Cir. 2007), and *United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002). The magistrate judge summarizes *Rice* as follows:

> In *Rice*, the Sixth Circuit held that the district court did not err when it suppressed the fruits of a Title III wiretap. *Id.* at 706. The affidavit upon which the wiretap application was based listed the alternative investigative procedures, which had been utilized up until the point at which the application was made, and it summarized them as having produced "'minimal results.'" *Id.* at 707. The district court in *Rice* found that the statements made in the affidavit discussing the

3

> dangerousness of physical surveillance of the targets of the investigation in that case in fact indicated to an issuing judge that the agents in that case had already conducted physical surveillance and had information specific to the defendant that he carried firearms and was violent. *Id.* In fact, the agent who issued the affidavit testified at the suppression hearing to the effect that no physical surveillance had been conducted, and the agents had no specific information related to the defendant and firearms. *Id.* The district court thus held that the statements related to physical surveillance included in the affidavit were misleading and recklessly made. *Id.* at 708-09.
>
> Further, the district court in *Rice* found that the confidential source discussed in the affidavit had no information specifically pertaining to the defendant and that the information included in the affidavit from both the confidential source and regarding pen registers and telephone tolls was generalized and generic as to the way drug trafficking operations normally conduct themselves. *Id.* at 708. In sum, the district court found that the government had used the wiretap as the first step in its investigation of the defendant and that the affidavit did not indicate that the government had seriously considered other investigative techniques to be used against the specific defendant. *Id.* The Sixth Circuit in *Rice* found that the district court had not committed clear error in finding that the statements regarding physical surveillance were made recklessly. As to the necessity requirement, the district court reformed the affidavit by removing the recklessly made statements after determining that it could not consider the misleading information in deciding whether the requirement was met. The Sixth Circuit held that the district court did not err in finding that what was left in the affidavit amounted mainly to insufficient, "generalized and uncorroborated information," and that the affidavit did not "prove 'a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *Id.* at 711 (quoting *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002), *cert. denied*, 537 U.S. 1138 (2003)). Lastly, the Sixth Circuit affirmed the district court's ruling that the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984), does not apply to Title III wiretap warrants issued improperly. *Id.* at 713-14.

[Doc. 349 at 14–15 (footnote omitted)].

The magistrate judge finds *Rice* without much value in terms of whether an evidentiary hearing should be held because, although the affiant agent in that case testified at the suppression hearing and answered questions related to his investigation of the case prior to making the affidavit submitted as the wiretap application, the Sixth Circuit does not discuss any issues related to whether the agent's testimony on those matters should have been allowed or required, and there was no indication that either party challenged the fact that he testified [*Id.* at 14 n.4]. Further, he finds that, unlike this case, *Rice* involved allegations of misleading or improper statements in the affidavit [*Id.*].

The magistrate judge summarized *Stewart* as follows:

> The parties also cited *Stewart*, 306 F.3d at 304, analogizing this situation to one in which a hearing to determine the sufficiency of the evidence establishing probable cause for the issuance of a traditional search warrant is held pursuant to *Franks v. Delaware*, 438 U.S. 391 (1978). In *Stewart*, also dealing with a drug conspiracy, the defendants moved to suppress the evidence produced by a wiretap and also requested an evidentiary hearing related to the wiretap. 306 F.3d at 303-04. Similar to the arguments made by the Defendants in this case, after the denial of their motions to suppress, the *Stewart* defendants argued on appeal that "the affidavit used to obtain the wiretap warrant did not satisfy the requirements of 18 U.S.C. § 2518(1)(c) and, further, that they were improperly denied an evidentiary hearing on this matter in violation of *Franks*, because some of the statements in the affidavit were either knowingly false or made with reckless disregard as to their veracity." *Id.* (citation omitted).

Discussing *Franks*, the Sixth Circuit in *Stewart* explains:

> the Supreme Court recognizes a defendant's right to challenge the sufficiency of a previously issued and executed warrant by attacking the statements made in an affidavit in support of the warrant. In order to obtain a hearing, the defendant must make a substantial preliminary showing that a false statement

5

> knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit. If the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. The defendant must specifically point to the disputed portions of the challenged affidavit, and must support these charges with an offer of proof. If the defendant meets this burden, the court must then reconsider the affidavit without the disputed portions and determine whether probable cause still exists. If probable cause does not exist, the court must hold a full evidentiary hearing to determine whether the affidavit was properly submitted.
>
> *Id.* at 304-05 (citations omitted). Accordingly, the Sixth Circuit in *Stewart* determined that the district court's denial of a *Franks* evidentiary hearing was proper because the defendants "merely argued that electronic surveillance was not necessary under the circumstances because other law enforcement techniques were successful . . . ," and the defendants did not present any affidavits on their behalf to attempt to prove that the affidavits which served as the basis for the wiretap applications were in any way false. *Id.* at 305.

[*Id*. at 15–16].

The magistrate judge finds that, like the defendants in *Stewart*, the defendants in this case ask the court to hold a *Franks*-like hearing [*Id*. at 17]. However, he finds the defendants do not argue within the *Franks* framework because, at the hearing, they expressly stated that they made no allegations nor had any evidence to support an argument that any statements included in Agent Poston's affidavits were made with reckless disregard for the truth, were false, or even misleading [*Id*.]. Further, the magistrate judge finds that Judge Phillips was in the best position to review the totality of the circumstances as they appeared at the time and that his determination is entitled to great deference [*Id*. (citing *United States v. Alfano*, 838 F.2d 158, 162 (6th Cir. 1998)]. Thus, he concludes he should consider only the four

6

corners of the affidavits of Agent Poston, as those were the only documents before the district judge when he made his determination to authorize the wiretaps at issue [*Id.*].

Finally, with regard to the defendants' request for an evidentiary hearing, Magistrate Judge Shirley identifies three problems in granting the request that further bolster his decision that an evidentiary hearing would be improper. First, he notes the defendants' request appears to be an effort to discover the government's case, beyond that which is allowed by the rules governing discovery, through an opportunity to explore with Agent Poston the entire breadth and details of law enforcement's investigation of the defendants under the guise of having the Court determine anew if the requirements for issuing a wiretap were met, which is impermissible [*Id.* at 18]. Second, he notes the defendants' request requires *de novo* review of the district court's findings, which too would be improper, because if the Court held the requested hearing, the *de novo* review would take place after a contested hearing with cross-examination of Agent Poston, which would not replicate the evidence that was before the district court when it determined the wiretap was proper and would put before the Court more evidence than 18 U.S.C. § 2518(1)(c) requires [*Id.*]. Last, the magistrate judge notes the Court granting the defendants' request would require the Court to grant requests for evidentiary hearings in all wiretap challenges and to allow all defendants to explore and discover the entirety of law enforcement's investigations without any preliminary showing that the wiretaps procured by the government were insufficient or were based on affidavits including false or misleading statements [*Id.*].

7

Given his findings, Magistrate Judge Shirley then considers the defendant's argument that the affidavits upon which the wiretap applications were based failed to meet the necessity requirement of § 2518(1)(c) on the face of the affidavits. Disagreeing with the defendants, the magistrate judge finds that the affidavits provided to the district judge as the basis for the wiretap applications were sufficiently detailed and included both generalized statements about drug trafficking organizations made based upon the training and experience of Agent Poston and specifics about the investigation of the defendants' alleged drug conspiracy [*Id*. at 20]. They each, he noted, explained the affiant's view as to the need for the interception, the evidence expected to be obtained through the use of the wiretaps, and the alternative investigative techniques utilized and/or considered, along with the reasons why each had been or would be inadequate in this case [*Id*.]. Further, he finds that, although the investigators had already obtained some level of understanding as to the workings of the alleged conspiracy, such did not preclude them from seeking and successfully obtaining the authorizations for the wiretaps because, as in *Stewart*, the level of detail and amount of evidence related to the instant case provided in the affidavits demonstrated that the officers gave serious consideration to other investigative techniques and that they were not attempting to use the wiretaps as the initial step in their investigation [*Id*. (citing *United States v. Lambert*, 771 F.2d 83, 91 (6th Cir. 1985); *United States v. Giordano*, 416 U.S. 505, 515 (1974))].

Accordingly, Magistrate Judge Shirley finds no basis to suppress the intercepted communications in this case. He thus recommends that the Court deny the motion.

8

## II. Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected. In doing so, the Court has carefully considered the R&R [Doc. 349], the parties' underlying and supporting briefs, the defendant's objections, and the government's response to those objections, all in light of the relevant law. For the reasons set forth herein, the Court will overrule the defendant's objections [Doc. 350], accept in whole the R&R [Doc. 349], and deny the defendant's motion [Doc. 171], as adopted by defendants Kevin Trent Bussell and Geneva Bussell [Docs. 184, 250].

## III. Defendant Kevin Trent Bussell's Objections to the R&R

Defendant Kevin Trent Bussell (hereinafter in this Section III, "the defendant") generally objects to the magistrate judge's decision "not to suppress the intercepted communications in this case is in error, and requests that the United States District Court overrule this decision" [Doc. 350]. He specifically objects to Magistrate Judge's Shirley's recommendation that the Court deny his request for an evidentiary hearing and that the government met the necessity requirement of § 2518(1)(c) [*Id.*].

### A. Evidentiary Hearing Objection

The defendant objects to the recommendation of the magistrate judge that the Court deny the defendant's request for an evidentiary hearing to determine if the government had met the necessity requirements of § 2518(1)(c) [*Id.*]. He asserts that an evidentiary hearing is necessary for the Court to hear the evidence outside the affidavits because only then would

9

the Court be able to determine whether the affidavits contained "[a] full and complete statement as to whether or not other investigative procedures have been tried and failed, or why they reasonably appear to be unlikely to succeed if tried, or to be too dangerous" [*Id.* (citing 18 U.S.C. § 2518(1)(c))]. The defendant claims he needs the evidentiary hearing "to determine what other investigative procedures had been used, and of these procedures, which were successful and which were not, in order for the Court to determine if a wiretap was, in fact, necessary" [*Id.*]. In support, he cites *United States v. Rice* and *United States v. Stewart*,[2] both of which were discussed by the magistrate judge [*Id.*].

The government responds in opposition, arguing that the defendant does not recite the appropriate standard of review for a wiretap affidavit [Doc. 352]. The Court agrees with the government and will overrule the defendant's objection.

"The basic standards for a wiretap are similar to those for a search warrant." *United States v. Alfano*, 838 F.2d 158, 161 (6th Cir. 1988). As with a search warrant affidavit, a defendant may challenge the sufficiency of any order authorizing a wiretap by attacking the statements made in an affidavit in support of that order. *Stewart*, 306 F.3d at 304. A defendant, however, is not entitled to a hearing upon a mere request; rather:

> In order to obtain a hearing, the defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit.

---

[2]Although the defendant's objection refers to this case as "United States v. Stuart," the citation provided, 306 F.3d 295 (6th Cir. 2002), relates to the case by the name of "United States v. Stewart." It will therefore be referred to as "United States v. Stewart" throughout this memorandum opinion and order.

10

> If the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id.* (internal citations omitted). As the magistrate judge found, the defendants made no substantial preliminary showing that a false statement was made knowingly and intentionally or with reckless disregard for the truth. Indeed, "[a]t the May 13, hearing, the [d]efendants expressly stated that they made no allegations nor had any evidence to support an argument[] that any statements included in Agent Poston's affidavits were made with reckless disregard for the truth, were false, or were even misleading" [Doc. 349 at 17]. The defendant does not claim otherwise now.

Moreover, "a district court's findings that the requirements of § 2518(1)(c) have been met are afforded considerable discretion." *Stewart*, 306 F.3d at 304 (citation omitted). A later reviewing court does not substitute its own subjective opinion as to probable cause; rather, the reviewing court is limited to determining whether the record contains a substantial basis for the issuing court's findings. *Alfano*, 838 F.2d at 162. An evidentiary hearing as to matters outside the affidavit and not presented to Judge Phillips would therefore render the review subjective, which is not permitted. *Id.*

The Court further finds that, if it were to grant the motion for an evidentiary hearing, the three problems identified by Magistrate Judge Shirley would arise [*See* Doc. 349 at 18]. Accordingly, defendant's objection regarding the magistrate judge's recommendation that the request for an evidentiary hearing be denied is **OVERRULED**.

11

### B. Objection that the Affidavits Failed to Meet the Standards of 18 U.S.C. § 2518(1)(c)

The defendant objects to the recommendation that the government met the necessity requirement of 18 U.S.C. § 2518(1)(c) [Doc. 350]. Specifically, he asserts that the wiretap authorization was not necessary because the traditional investigative techniques utilized by law enforcement were productive and held further promise for continued productivity [*Id.*]. The government counters that the defendant asks the Court to exceed the permissible scope of review by substituting its independent and subjective judgment for that of the issuing court [Doc. 352]. The Court agrees with the government, and will overrule the defendant's objection.

This Court is limited to determining whether the issuing court was provided with "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). The defendant does not contend that Agent Poston's affidavits failed to give Judge Phillips a full and complete statement as to necessity, but that the wiretap was not necessary based upon the defendant's independent, subjective evaluation that the traditional investigation techniques utilized by law enforcement were productive and held further promise for their continued productivity [Doc. 350]. The defendant's subjective assertion, however, does not govern. "[T]he mere fact that some investigative techniques were successful in uncovering evidence of wrongdoing does not mandate that a court negate the need for wiretap surveillance." *Stewart*, 306 F.3d at 305. Indeed, the Sixth Circuit has

held that wiretapping is appropriate in cases as here where "the telephone is routinely relied on to conduct the criminal enterprise under investigation." *Id.* (citation omitted). Further, it does not appear that the government could have uncovered the full scope of the conspiracy in a safe manner without wiretaps in this case, *see id.* at 306, and the defendant has not provided any evidence to contend that the traditional methods of investigation would not have been dangerous, *id.*

In addition, a review under the appropriate standard reveals that the magistrate judge's determination that the necessity requirement of § 2518(1)(c) was met in this case is appropriate. Agent Poston's affidavits were detailed and specific to the investigation. Also, when relying on his own training and experience, Agent Poston took care to relate his experience to the specific facts of the case. *See, e.g., United States v. Patrick*, No. 1:08-CR-130, 2009 WL 1766259, at *5 (E.D. Tenn. June 23, 2009).

Accordingly, defendant's objection regarding the magistrate judge's recommendation that the affidavits at issue satisfied the requirements of 18 U.S.C. § 2518(1)(c) is **OVERRULED**.

IV.   **Conclusion**

In sum, after reviewing the R&R, the underlying briefs, the relevant law, defendant Kevin Trent Bussell's objections to the R&R, and the government's response to the defendant's objections, the Court determines that the magistrate judge fully and appropriately considered the arguments in support of the request for an evidentiary hearing and the motion

13

to suppress. Further, the Court agrees with the magistrate judge's analysis and findings in their entirety.

Accordingly, and for the reasons given above, the Court **OVERRULES** the defendant Kevin Trent Bussell's objections to Magistrate Judge Shirley's R&R [Doc. 350] and **ACCEPTS IN WHOLE** the R&R [Doc. 349]. Defendant Leonard Bussell's Motion to Suppress All Intercepted Communications Wherein Leonard Bussell Is a Participant in the Communication [Doc. 171] as adopted by defendants Kevin Trent Bussell and Geneva Bussell [Docs. 184, 250] is hereby **DENIED**.

IT IS SO ORDERED *NUNC PRO TUNC* DECEMBER 9, 2011.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE