IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-159 |
| | ) | |
| KEVIN TRENT BUSSELL, | ) | (VARLAN/SHIRLEY) |
| GENEVA BUSSELL, | ) | |
| JACKIE MIZE, | ) | |
| CARSON DAY, | ) | |
| NICOLE SEAL, | ) | |
| JESSICA WILSON, and | ) | |
| ALTHEA GAMBLE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 10, 2012, for a motion hearing on Defendant Kevin Trent Bussell's Motion to Continue [Doc. 354], filed on December 5, 2011, and his Motion to Stay [Doc. 369], filed on January 9, 2012. Assistant United States Attorneys Alexandra Hui and David P. Lewen represented the Government. Attorney John E. Eldridge appeared on behalf of Defendant Kevin Trent Bussell. Attorney Tommy K. Hindman appeared on behalf of Defendant Geneva Bussell. Attorney Russell T. Greene represented Defendant Jackie Mize. Attorney Leslie M. Jeffress appeared on behalf of Defendant Carson Day. Attorney Jonathan D. Cooper represented Defendant Nicole Seal. Attorney Robert R. Kurtz appeared on

1

behalf of Defendant Jessica Wilson. Attorney Gerald L. Gulley, Jr., represented Defendant Althea Gamble. Defendant Kevin Trent Bussell was present at the hearing. The other Defendants, who are all released pending trial, were excused from the hearing, but some of them were present in the gallery.

The Court first addressed the matter of Defendant Kevin Trent Bussell's representation. On January 6, 2012, the Court ruled [Doc. 368] that a potential conflict of interest exists for Defendant Kevin Trent Bussell's retained counsel Attorney John Eldridge and that Mr. Eldridge is disqualified from further representation of the Defendant. Defendant Bussell filed a Motion to Stay [Doc. 369] the implementation of this Order, stating that he intended to appeal the ruling to the District Court. The Defendant argues that because the potential conflict outlined in the Order will only become an actual conflict at trial, if at all, no prejudice would accrue from Mr. Eldridge's continued representation of the Defendant until the appeal can be concluded. He contends that due to the anticipated continuance of the trial in this case, a stay of Mr. Eldridge's disqualification during the appeal of the Order will prejudice neither the Defendant or the Government. At the January 10 hearing, Attorney Eldridge stated that he believed that the appeal of the Order could occur within a couple of weeks.

The Government objected to a stay of the implementation of this Court's Order disqualifying Mr. Eldridge. AUSA Hui summarized the Government's Response [Doc. 370], filed immediately before the hearing, contending that the codefendants would be prejudiced by a stay. She argued that because of the large volume of discovery for Defendant Bussell's new counsel to review, the delay in bringing new counsel into the case would inevitably necessitate yet another trial

2

continuance in order to allow new counsel to familiarize him or herself with the case.[1] The Court noted that all of the remaining codefendants were released on conditions pending trial and that none of the codefendants' counsel were objecting to the requested stay. Moreover, the Court considers the prejudice to the Government to be potential prejudice, rather than actual prejudice at this juncture. The Court finds that if the District Court denies the Defendant's appeal and he has to get new counsel, new counsel would have time to prepare for trial before the proposed May 1 trial date, especially when the Court considers that new counsel will not have to file and litigate pretrial motions.[2]

The Court has carefully weighed the potential prejudice to the Government alongside Defendant Kevin Trent Bussell's interest in continuity of counsel and in representation by counsel of his own choice. Along with these interests, the Court has also considered the public's interest in a speedy and fair trial and the Court's "independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings." Wheat v. United States, 486 U.S. 153, 160 (1988). After balancing these various interests, the Court concludes that the implementation of its Order [Doc. 368] disqualifying Attorney Eldridge will be **STAYED** for thirty days to give the Defendant time to pursue an appeal of the order with the aid of Mr. Eldridge.

---

[1] The Response also states that the public has an interest in the speedy resolution of this case, which has been pending since December 2010. The Government urges the Court not to risk further delay by staying its Order. The Government additionally argues that due to the deferential standard of review, it is unlikely that the Defendant's appeal will succeed and that current counsel can be reinstated if the Defendant prevails on appeal.

[2] The Court notes that the Government had no objection to continuing the trial to July 23, 2012, as stated in its response to the continuance motion. Based upon this representation, the Court is hard pressed to find that the Government would be unduly prejudiced if new counsel were ultimately to need an additional short continuance to prepare for trial.

The Court finds that if new counsel has to enter the case after the thirty-day period, he or she would have time to prepare for a trial on May 1, 2012. The Defendant's Motion to Stay [**Doc. 369**] is **GRANTED in part** in that the Order is stayed for thirty days. Defendant Bussell, his counsel, and the Government are to appear before the undersigned for a status conference on the issue of the Defendant's representation on **February 3, 2012, at 1:30 p.m.**

The Court next turned to Defendant Kevin Trent Bussell's Motion to Continue the January 17, 2012 trial date. The Defendant asks to continue the trial to May 1 or July 23, 2012, because the District Court is scheduled to conduct a trial in an older criminal case on the trial date of the instant case. The Government responded that it does not oppose the motion. At the January 10 hearing, counsel for the codefendants all confirmed that their clients had no objection to the requested continuance. Attorney Kurtz stated that the District Court had recently granted an extension for Defendant Jessica Wilson to file objections to the Report and Recommendation to January 20, 2012. Mr. Kurtz stated that Defendant Wilson needed time beyond the current trial date to file her objections, for the Government to respond to those objections, and for the District Court to rule upon her pretrial motions in light of the Report and the objections. The Government also confirmed that it had no objection to the continuance. The Court questioned Defendant Kevin Trent Bussell, who acknowledged that he understood he would remain in custody until the new trial date and stated that he did not object to the requested continuance. The parties agreed on a new trial date of May 1, 2012, and that all time between the hearing and the new trial date was fully excludable under the Speedy Trial Act.

The Court finds Defendant Kevin Trent Bussell's motion to continue the Janaury 17 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the

4

interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that it has already declared [Doc. 138] this case to be complex for purposes of the Speedy Trial Act, finding that, due to the nature of the prosecution, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Act. 18 U.S.C. § 3161(h)(7)(B)(ii). In this regard, the Court observes that presently pending in this case is this Court's Report and Recommendation [Doc. 357] on eight motions to suppress filed by four of the Defendants. Defendants Kevin Trent Bussell, Jessica Wilson, and Nicole Seal have requested and been granted an extension of time to file objections to the Report and Recommendation. Following the filing of the objections, the Government will need time to respond, and the District Court will need time to rule upon the motions in light of the report and the objections. See 18 U.S.C. § 3161(h)(1)(H). The Court finds that all of this cannot be accomplished, or likely even started, prior to the January 17 trial date.

Additionally, Defendant Kevin Trent Bussell needs time to appeal this Court's order disqualifying his counsel to the District Court. The matter of Defendant Kevin Trent Bussell's representation also cannot be resolved before the January 17 trial date. Moreover, if this Court's Order is affirmed, Defendant Kevin Trent Bussell will need time to retain new counsel, and new counsel will need time to review the voluminous discovery in this case and to prepare for trial. This Court has found that it will likely take new counsel at least two months to complete his or her review of the discovery herein. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Kevin Trent Bussell's Motion to Continue [**Doc. 354**] is **GRANTED**, and

5

the trial is reset for **May 1, 2012**.³ The Court also finds, and the parties agreed, that all the time between the January 10, 2012 hearing and the new trial date of May 1, 2012, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(H) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for concluding plea negotiations is extended to **April 2, 2012**. The Court instructs the parties that all motions *in limine* must be filed no later than **April 16, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **April 20, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Kevin Trent Bussell's Motion to Stay [**Doc. 369**] is **GRANTED in part**, and the implementation of this Court's Order [**Doc. 368**] disqualifying Attorney John Eldridge from representing Defendant Bussell is **STAYED** for thirty days to permit the Defendant to appeal the Order;

(2) Defendant Kevin Trent Bussell, his counsel, and the Government are to appear before the undersigned on **February 3, 2012**, for a status conference on the Defendant's representation;

(3) Defendant Kevin Trent Bussell's Motion to Continue [**Doc. 354**] is **GRANTED**;

(4) The trial of this matter is reset to commence on **May 1, 2012**, at **9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the **January 10, 2012** hearing and the new trial date of **May 1, 2012**, is fully excludable time under the Speedy Trial

---

³At the January 10 hearing, Mr. Eldridge noted a possible conflict on May 1, 2012. Following the hearing, the District Court's chambers indicated that the Court may be able to accommodate a May 2 start date. If Mr. Eldridge remains on the case and if his conflict on May 1 persists, then he may move the District Court to delay the start of the trial by one day.

6

Case 3:10-cr-00159-TAV-CCS   Document 372   Filed 01/12/12   Page 6 of 7   PageID #: 2785

Act for the reasons set forth herein;

(6) The plea negotiation cut-off deadline in this case is reset to **April 2, 2012**;

(7) Motions *in limine* must be filed no later than **April 16, 2012**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **April 20, 2012**.

**IT IS SO ORDERED.**

ENTER:


　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge