UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:10-CR-159 |
| | ) | | (VARLAN/SHIRLEY) |
| KEVIN TRENT BUSSELL, | ) | | |
| GENEVA BUSSELL, | ) | | |
| NICOLE SEAL, and | ) | | |
| JESSICA WILSON, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation entered by United States Magistrate Judge C. Clifford Shirley, Jr. (the "R&R") [Doc. 357]. The R&R addresses eight motions to suppress evidence seized in the execution of various search warrants: (1) Defendant Leonard Bussell's Motion to Suppress Evidence Seized from 445 Moody Hill Road [Doc. 172];[1] (2) the Motion to Suppress [Doc. 179] filed by Jessica Wilson; (3) the Motion to Suppress [Doc. 195] filed by Nicole Seal;[2] (4) Motion to Suppress

---

[1] As noted by the magistrate judge, Leonard Bussell died on October 6, 2011 [Doc. 346]. Counsel for Leonard Bussell filed a motion to dismiss by reason of abatement [Doc. 345], and this case was abated with respect to Leonard Bussell [Doc. 353]. Because Geneva Bussell was permitted to adopt Leonard Bussell's motion to suppress, the magistrate judge addressed his motion as to her.

[2] The defendant asserts that the correct spelling of her name is "Nichole" and that the indictment uses an incorrect spelling of her name. The defendant, however, states she does not take issue with the spelling of her name [Doc. 373], and so the Court uses the spelling set forth in the indictment: "Nicole."

No. 1 [Doc. 204] filed by Kevin Trent Bussell; (5) Motion to Suppress No. 2 [Doc. 205] filed by Kevin Trent Bussell; (6) Motion to Suppress No. 3 [Doc. 206] filed by Kevin Trent Bussell; (7) Motion to Suppress No. 4 [Doc. 207] filed by Kevin Trent Bussell; and (8) Motion to Suppress No. 5 [Doc. 209] filed by Kevin Trent Bussell. Defendant Geneva Bussell was permitted [Doc. 343] to join the motion filed by Leonard Bussell [Doc. 172] and three of the motions filed by Kevin Trent Bussell [Docs. 204, 205, and 207]. The parties appeared before the magistrate judge for a hearing, who then took the matter under advisement before issuing the R&R. In the R&R, Magistrate Judge Shirley recommends that all the motions to suppress be denied, except Kevin Trent Bussell's Motion to Suppress No. 1 [Doc. 204], which the magistrate judge recommends be granted in part in that the knives seized from Kevin Trent Bussell's Tennessee residence should be suppressed because they were outside the scope of the items for which the search warrant authorized seizure and do not fall within the plain view doctrine.

Nicole Seal filed an objection to the R&R [Doc. 373], as did Jessica Wilson [Doc. 375] and Kevin Trent Bussell [Doc. 376], and the government filed a consolidated response to those objections [Doc. 386]. Geneva Bussell did not file any objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived by her. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.

2

Case 3:10-cr-00159-TAV-CCS   Document 392   Filed 03/08/12   Page 2 of 14   PageID #: 2931

### I. Background

The Court presumes familiarity with the facts of this case and substance of the R&R, and does not reiterate such here for purposes of judicial efficiency [*See* Doc. 357].[3] In brief, defendants Kevin Trent Bussell ("Bussell"), Geneva Bussell ("Geneva Bussell"), Nicole Seal ("Seal"), and Jessica Wilson ("Wilson") are charged in varying counts of a seven-count indictment with conspiracy to distribute controlled substances, possession of controlled substances with the intent to distribute, firearms offenses, and conspiracy to lauder drug proceeds. The motions underlying the R&R arise out of searches of defendants' residences and a houseboat in Tennessee and Florida in November 2010.

### II. Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendants have objected. In doing so, the Court has carefully considered the R&R, the parties' underlying and supporting briefs, the defendants' objections, and the government's response to those objections, all in light of the relevant law.

### III. Defendant Nicole Seal's Objection to Report and Recommendation [Doc. 373]

Defendant Seal asserts that the magistrate judge:

> erred in finding that the search warrant executed on November 26, 2010 was supported by probable cause, that there was a sufficient nexus between the alleged illegal activity and the location of the search, that

---

[3]The Court notes that the R&R is 84 pages in length.

> information in the affidavit was not stale, and that the good faith
> exception to the exclusionary rule would bar suppression in this case.

[Doc. 373]. The defendant's objection is almost entirely a reiteration of the arguments the defendant set forth with respect to her motion to suppress [*See* Docs. 195, 196, 357]. Upon the Court's review of the R&R and the relevant law, the Court determines that the magistrate judge has already considered the arguments raised with respect defendant Seal's objection fully, except to the extent stated herein. And, this Court agrees with the magistrate judge's analysis and findings with respect to defendant Seal as set forth in the R&R. Nevertheless, two items raised in the defendant's objection warrant discussion.

In her objection, defendant Seal points to two cases in support of her argument that the information provided by CS-1 was stale that do not appear to have been raised previously: *United States v. Corrigan*, 809 F. Supp. 567 (M.D. Tenn. 1992), and *United States v. Hython*, 443 F.3d 480 (6th Cir. 2006). The government asserts that these cases are distinguishable [Doc. 386]. The Court has reviewed both *Corrigan* and *Hython* and agrees with the government.

In *Corrigan*, an affidavit submitted in support of a search warrant to search the defendant's residence for a pipe bomb referred to a conversation between the affiant officer and the defendant that the officer had secretly taped. 809 F. Supp. at 568. During the conversation, the defendant allegedly mentioned having a pipe bomb in the barn behind his house and offered to pay the officer to collect a gambling debt from another man and to assault that man in the process. *Id.* A search on the basis of the affidavit was conducted and

4

the pipe bomb was found on the premises indicated in the warrant. *Id.* The defendant moved to suppress the material seized from his residence, arguing the affidavit was stale because the affidavit did not reference the date the officer received the information that formed the basis of the warrant request. *Id.* The government conceded that a search warrant based on potentially stale evidence could not support a finding of probable cause, but argued the good-faith exception to the exclusionary rule applied. *Id.* The district court, however, found otherwise, concluding the government failed to meet its burden of proof that the officer's reliance was objective and not based upon his own personal knowledge of the circumstances. *Id.* at 568, 570. The government moved the district court to reconsider its order suppressing evidence of the pipe bomb, and the district court denied that request. *Id.* at 569–72.

In *Hython*, the affidavit submitted in support of a search-warrant application stated that a reliable confidential informant had told officers that he was able to purchase crack cocaine from a female supplier in Toronto and that this female supplier had told the informant in the past that her source of drugs was 241 South Fifth Street in the City of Steubenville. 443 F.3d at 482. The officers conducted surveillance and observed a controlled buy between the confidential informant and the female supplier in Toronto. *Id.* at 483. The officers then followed the female supplier to 241 South Fifth Street in Steubenville and observed her entering and exiting the residence within two minutes. *Id.* The officers followed her back to Toronto, where she provided the confidential informant with crack cocaine. *Id.* Based upon this information, the affidavit stated, the officers believed crack cocaine to be within the residence at 241 South Fifth Street. *Id.*

5

The district court determined that the warrant was void for staleness because neither the warrant nor the affidavit specified the date on which the alleged drug transaction took place. *Id.* The district court, however, found that the affidavit was otherwise not so lacking in probable cause as to render official belief in its existence entirely unreasonable and concluded that application of the good-faith exception was warranted. *Id.* The Sixth Circuit disagreed, finding that the drug transaction was "not dated, and the affidavit contain[ed] no indication of ongoing investigation, subsequent or previous controlled buys, or further surveillance of the address or the female supplier." *Id.* at 488. The Court noted that "any of these things" would have served to establish the residence was the site of an ongoing criminal enterprise, or ground the undated controlled buy within a finite period of investigation." *Id.* at 488–89. Because none of these elements were present, however, the affidavit was "patently insufficient" and "[n]o well-trained officer could have reasonably relied on a warrant issued on the basis of this affidavit." *Id.* at 489.

Magistrate Judge Shirley finds that, even discounting the information from CS-2 and CS-3, the affidavit contained a substantial basis for the issuing judge to have concluded that evidence of drug trafficking would be found at defendant Seal's house because CS-1 stated that s/he witnessed defendant Bussell hide guns at defendant Seal's house [Doc. 357]. He also finds such information was not stale, despite that CS-1 did not say when the hiding of the guns occurred, because there was an ongoing conspiracy, defendant Seal was entrenched in her home, and guns have an enduring value [*Id.* (citing *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998)]. Further, he relies upon the fact that the agent stated in the affidavit

6

that drug traffickers keep firearms for protection and will trade drugs for guns and that guns are considered "tools of the trade of drug traffickers" [*Id.*].

The Court agrees with the magistrate judge's conclusion and finds that neither *Hython* nor *Corrigan* dictate a different conclusion. In this case there was an ongoing investigation of a drug conspiracy, unlike in *Hython* or *Corrigan*, and in *Hython*, the Court noted that such fact could counter a staleness argument. The issuing judge also could have inferred from a monitored telephone call between defendant Bussell and defendant Seal while defendant Bussell was in jail following the search of his Florida homes, which occurred in November 2010, that defendant Seal remained involved in the conspiracy as of this time because her statement that "it is gone" suggests she had gotten rid of something of interest to law enforcement. *See Spikes*, 158 F.3d at 924 (noting that information from an informant that is otherwise stale may be "refreshed" if the affidavit contains "recent information [that] corroborates otherwise stale information").

The defendant also asserts that her counsel did not concede during the motion hearing that a nexus would be established between guns and 1248 Dogwood Road based upon CS-1's statement that s/he was with Bussell when Bussell hid guns there, as Magistrate Judge Shirley notes in the R&R. Even if defense counsel did not concede this point, defendant Seal's statements in her telephone conversation with defendant Bussell that "it is gone" and "it's on its way somewhere, can't go get it" indicate a nexus between the place to be searched and the evidence sought. Moreover, the issuing judge could have inferred that defendant

7

Seal was speaking of drug proceeds rather than a gun or that multiple guns were hidden at her residence.

For these reasons, the Court will **OVERRULE** Defendant Nicole Seal's Objection to Report and Recommendation [Doc. 373] and **ACCEPT IN WHOLE** the R&R [Doc. 357] as it pertains to defendant Seal. Accordingly, the Court will **DENY** defendant Seal's Motion to Suppress [Doc. 195].

**IV.  Jessica Wilson's Objections to Magistrate Judge's Report and Recommendation Regarding Defendant's Motion to Suppress [Doc. 375]**

Defendant Wilson objects (1) on the basis that the R&R "failed to address the issue of staleness with respect to information provided by CS-1 against [defendant Wilson]"; (2) to the R&R's "findings as to probable cause and nexus"; and (3) to the R&R's "finding with regard to the application of the good faith exception to the exclusionary rule as applied to the search of [defendant Wilson's] home" [Doc. 375]. Defendant Wilson also requests oral argument on her objections [*Id.*].[4]

Like defendant Seal, defendant's objections are almost entirely a reiteration of the arguments the defendant set forth with respect to her motion to suppress [*See* Docs. 179, 180, 181, 357]. Upon the Court's review of the R&R and the relevant law, the Court determines that the magistrate judge has already considered the arguments raised with respect defendant Wilson's objections fully, except to the extent stated herein. And, this Court agrees with the

---

[4]The Court determines whether oral argument is warranted on a case-by-case basis. The Court does not find that oral argument is needed or would "assist the Court in framing the factual and legal issues involved in this case" as defendant Wilson suggests [*See* Doc. 375].

8

magistrate judge's analysis and findings with respect to defendant Wilson as set forth in the R&R.

There are nevertheless three matters raised in defendant's objections that need to be addressed. First, defendant Wilson states that the magistrate judge failed to address the issue of staleness with respect to her. Second, defendant Wilson states that Magistrate Judge Shirley did not apply the appropriate rule in determining whether the judge issuing the warrant was misled by information in the affidavit. Third, defendant Wilson states an additional reason for why suppression pursuant to the exclusionary rule applies despite the officer's reliance upon the search warrant issued for the search of her home.

Regarding the first point, the defendant submits that the affidavit of Agent Bayless states that CS-1 told law enforcement about a conversation with defendant Bussell in which defendant Bussell stated he took a gun to defendant Wilson's home, but is silent with respect to the date that CS-1 provided this information to law enforcement, the date that the conversation between defendant Bussell and CS-1 occurred, and the date that defendant Bussell is alleged to have taken the gun to defendant Wilson's residence. As defendant Seal, defendant Wilson relies upon *Hython* in support of her staleness argument.

It appears that Magistrate Judge Shirley failed to address the issue of staleness with respect to defendant Wilson. Nevertheless, the Court finds that the magistrate judge's analysis with respect to defendant Seal applies with respect to defendant Wilson. Magistrate Judge Shirley finds that the affidavit was not stale with respect to defendant Seal because the nature of the crime was an ongoing conspiracy, because defendant Seal was entrenched in

9

her home, the location of the search, and because the items sought, firearms, were of enduring value. Likewise, the affidavit taken as a whole, discrediting CS-2 and CS-3, links defendant Wilson to an ongoing conspiracy, establishes that defendant Wilson is entrenched in her residence, the location of the search, and seeks firearms, which have an enduring value. Moreover, the Court finds that *Hython*, is distinguishable because, in this case, there was an ongoing investigation of a drug conspiracy, unlike in *Hython*, and in *Hython* the Court noted that such fact could counter a staleness argument. Indeed, the question of staleness depends upon the "inherent nature of the crime." *United States v. Thomas*, 605 F.3d 300, 309–10 (6th Cir. 2010) (quoting *United States v. Henson*, 848 F.2d 1374, 1382 (6th Cir. 1988)).

Regarding the defendant's second and third points, Magistrate Judge Shirley correctly notes there are four situations in which suppression pursuant to the exclusionary rule applies despite an officer's good-faith reliance on a search warrant:

> (1) "if the . . . judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth," (2) if the issuing judge "wholly abandoned his judicial role" requiring neutral detachment and, in essence, acted as "'an adjunct law enforcement officer,'" (3) if the "warrant [was] based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,'" and (4) if "the warrant [is] so facially deficient–i.e., in failing to particularize the place to be searched or the things to be seized–that the executing officers cannot reasonably presume it to be valid."

10

[Doc. 357 (citing *United States v. Leon*, 468 U.S. 897, 923 (1984)]. Defendant Wilson previously argued that two of the four situations were present in this case; that is, the first and third situations.[5]

Concerning the first situation, the defendant argued that Agent Bayless deliberately misled the issuing judge by failing to include in the search-warrant affidavit the fact that CS-2 had returned to criminal activity after agreeing to work as a confidential informant and had been arrested for his renewed criminal conduct. With respect to this argument, she now asserts that the magistrate judge does not apply the appropriate rule in determining whether the judge issuing the warrant was misled by information in the affidavit.

A review of the R&R and relevant case law indicates that Magistrate Judge Shirley applies the correct rule in determining whether the judge issuing the warrant was misled by information in the affidavit of Agent Bayless. The defendant asserts that, pursuant to *United States v. Herring*, 55 U.S. 135 (2009), "*deliberate* police misconduct, separate from conduct that is reckless or grossly negligent, is enough to trigger the exclusionary rule" [Doc. 375]. However, as the government points out, the defendant places emphasis on "deliberate" without reference to the word it modifies: "misconduct." Magistrate Judge Shirley finds that the omission of the information regarding CS-2's re-arrest, even if deliberate, was not done with the intent to mislead the judge reviewing the search warrant because Agent Poston's

---

[5]The Court does not address any of the arguments set forth in the defendant's objections pertaining to the third situation because the Court finds the same arguments were raised before the magistrate judge and that the magistrate judge correctly addresses them in the R&R.

11

affidavit supporting a wiretap application states that information provided by CS-2 after his re-arrest was later corroborated and believed to be reliable.  Further, the affidavit already included information about CS-2's criminal activity and his desire to help himself by providing information.  Thus, it was objectively reasonable for Agent Bayless to conclude the information concerning CS-2's re-arrest was unnecessary.  The Court does not find that the magistrate judge's findings run contrary to *Herring*.

Defendant Wilson now also claims, pursuant to her objections, that the second situation applies here because the issuing judge wholly abandoned his judicial role and failed to act in a neutral and detached fashion, merely serving as a rubber stamp for the police, because he failed to demand the affidavit contain some reference to a relevant date or time frame.  As the Court has found that the defendant's staleness argument lacks merit, the Court likewise finds this argument unavailing.

For these reasons, the Court will **OVERRULE** defendant Wilson's Objections to Magistrate Judge's Report and Recommendation Regarding Defendant's Motion to Suppress [Doc. 375] and **ACCEPT IN WHOLE** the R&R [Doc. 357] as it pertains to defendant Wilson.  Accordingly, the Court will **DENY** defendant Wilson's Motion to Suppress [Doc. 179].

V.  **Objections to Magistrate Judge's Report and Recommendation filed by Kevin Trent Bussell [Doc. 376]**

The defendant's objections are entirely a reiteration, almost verbatim, of the arguments the defendant set forth with respect to his motions to suppress [*See* Docs. 204,

205, 206, 207, 208, 209, 357]. Upon the Court's review of the R&R and the relevant law, the Court determines that the magistrate judge has already considered the arguments raised with respect defendant Bussell's objections fully. And, this Court agrees with the magistrate judge's analysis and findings with respect to defendant Bussell as set forth in the R&R.

Accordingly, the Court will **OVERRULE** defendant Bussell's Objections to Magistrate Judge's Report and Recommendation [Doc. 376] and **ACCEPT IN WHOLE** the R&R [Doc. 357] as it pertains to defendant Bussell. The Court also will **DENY** the following motions filed by defendant Bussell: Motion to Suppress No. 2 [Doc. 205]; Motion to Suppress No. 3 [Doc. 206]; Motion to Suppress No. 4 [Doc. 207]; and Motion to Suppress No. 5 [Doc. 209]. The Court will **GRANT in part** Motion to Suppress No. 1 [Doc. 204] and **SUPPRESS** the knives seized from defendant Bussell's Tennessee residence because they were outside the scope of the items for which the search warrant authorized seizure and do no fall within the plain view doctrine, and **DENY** the motion [Doc. 204] in all other respects.

## VI. Geneva Bussell

As noted, defendant Geneva Bussell did not file any objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived by her. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. After a careful review of the R&R, the Court is in agreement with Magistrate Judge Shirley's recommendation with respect to defendant Geneva Bussell, which the Court adopts and incorporates into its ruling. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 357] as it pertains to defendant Geneva Bussell and Defendant Leonard Bussell's Motion to Suppress Evidence

13

Seized from 445 Moody Hill Road [Doc. 172], which was adopted by Geneva Bussell [Doc. 363], will be **DENIED**.[6]

## VII. Conclusion

For the reasons set forth above, the Court **OVERRULES** Defendant Nicole Seal's Objection to Report and Recommendation [Doc. 373], defendant Jessica Wilson's Objections to Magistrate Judge's Report and Recommendation Regarding Defendant's Motion to Suppress [Doc. 375], and defendant Kevin Trent Bussell's Objections to Magistrate Judge's Report and Recommendation [Doc. 376], and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 357], which the Court **ADOPTS** and **INCORPORATES** into its ruling. Accordingly, defendant Kevin Trent Bussell's Motion to Suppress No. 1 [Doc. 204] is hereby **GRANTED in part** and the knives seized from his Tennessee residence are **SUPPRESSED**, but **DENIED** in all other respects. The remaining motions to suppress [Docs. 172, 179, 195, 205, 206, 207, and 209] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[6]The Court notes that defendant Geneva Bussell was permitted to join three of the motions filed by defendant Bussell [Docs. 204, 205, and 207]. She did not file any objections with respect to these motions to suppress; therefore, they will be **DENIED** as to her as well.