IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CR-159 |
| KEVIN TRENT BUSSELL, | ) | (VARLAN/SHIRLEY) |
| GENEVA BUSSELL, | ) | |
| JACKIE MIZE, | ) | |
| CARSON DAY, | ) | |
| NICOLE SEAL, | ) | |
| JESSICA WILSON, and | ) | |
| ALTHEA GAMBLE, | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 15, 2012, for a motion hearing on Defendant Kevin Trent Bussell's Motion for Continuance [Doc. 391], filed on March 7, 2012. Assistant United States Attorney Alexandra Hui represented the Government. Attorney Douglas A. Trant appeared on behalf of Defendant Kevin Trent Bussell. Attorney Laura Metcalf appeared on behalf of Defendant Geneva Bussell. Attorney Russell T. Greene represented Defendant Jackie Mize. Attorney Leslie M. Jeffress appeared on behalf of Defendant Carson Day. Attorney Jonathan D. Cooper represented Defendant Nicole Seal. Attorney Robert R. Kurtz appeared on behalf of Defendant Jessica Wilson. Attorney Gerald L. Gulley, Jr., represented Defendant Althea

1

Gamble. Defendant Kevin Trent Bussell was present at the hearing. The other Defendants, who are all released pending trial, were excused from the hearing.

In his motion, Defendant Kevin Trent Bussell requests a continuance of the May 1, 2012 trial date, contending that new defense counsel needs additional time to review the discovery and prepare the case for trial. On February 2, 2012, District Judge Thomas A. Varlan affirmed [Doc. 385] this Court's ruling that Defendant Bussell's prior counsel Attorney John Eldridge had a potential conflict of interest and was disqualified from representing the Defendant. On February 14, 2012, the Court appointed [Doc. 389] Mr. Trant to represent the Defendant. At the March 15 hearing, Mr. Trant stated that he was unable to prepare effectively in the time leading up to trial. In addition to the large amount of discovery that needed to be reviewed, Mr. Trant stated that he was scheduled to participate in the retrial of a major state murder case in early June. He stated that he had discussed the proposed continuance with the Defendant, who agreed with it and understood that he would remain in custody pending the new trial date. The Court questioned the Defendant, who stated that he wanted the trial to be continued.

AUSA Hui stated that the Government is not opposed to the requested continuance. She noted that AUSA David Jennings and another AUSA would be taking over the case when she left at the end of the month. She said that a continuance would allow the new Government attorneys to prepare for this complex case. Counsel for the other defendants had not objection to the motion to continue. The parties agreed on a new trial date of October 9, 2012.

The Court finds Defendant Kevin Trent Bussell's motion to continue the May1trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court

2

observes that it has already declared [Doc. 138] this case to be complex for purposes of the Speedy Trial Act, finding that, due to the nature of the prosecution, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Defendant Bussell's counsel was appointed one month ago. Mr. Trant needs time to review the voluminous discovery in this case, to interview witnesses, to confer with the Defendant and the counsel of codefendants, and to prepare for trial. Counsel has to fit this extensive preparation into a full trial schedule. Moreover, the Government attorneys will also be new to this case and will likewise need time to prepare. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Kevin Trent Bussell's Motion for Continuance [**Doc. 391**] is **GRANTED**, and the trial is reset for **October 9, 2012**. The Court also finds, and the parties agreed, that all the time between the March 15, 2012 hearing and the new trial date of October 9, 2012, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(H) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for concluding plea negotiations is extended to **September 7, 2012**. Thus, the deadline for the Government's compliance with this Court's order [Doc. 343] to designate which intercepted telephone conversations it intends to use in its case-in-chief is one week ***before*** the plea deadline, **August 31, 2012**.[1] The Court instructs the parties that all motions *in limine* must be filed no later

---

[1] At the March 15 hearing, the Court set the same deadline for the completion of plea negotiations and for the Government to designate the calls it will use at trial. The Court has changed this deadline to make it conform to this Court's prior Memorandum and Order [Doc. 343, p.7 n.5], which states "If the date of the plea agreement cut-off is changed prior to trial, the Government's deadline for designation of telephone calls will move with it and will remain set

3

than **September 24, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **September 28, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Kevin Trent Bussell's Motion for Continuance [**Doc. 391**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **October 9, 2012, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **March 15, 2012** hearing and the new trial date of **October 9, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The plea negotiation cut-off deadline in this case is reset to **September 7, 2012**;

(5) The deadline for the Government to designate which intercepted telephone conversations that it intends to use in its case-in-chief at trial is **August 31, 2012**;

(6) Motions *in limine* must be filed no later than **September 24, 2012**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **September 28, 2012**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

for one week prior to the plea cut-off in this case." It is the Court's intention that the Defendants will have this information one week before the plea deadline.