UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-cr-159-TAV-CCS-1 |
| KEVIN TRENT BUSSELL, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's pro se motion for a sentence reduction [Doc. 733]. In the defendant's motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 733]. The government asserts that the defendant is not eligible for relief because Amendment 782 does not affect defendant's guidelines range, due to its being restricted by a statutory maximum. The Court agrees, and thus defendant's motion will be denied.

**I.     Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the

2

defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Even if Amendment 782 were to lower the defendant's offense level under Chapter Two, he still would have received the same sentence. As the government explains in its

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

response, defendant's guidelines range was 324 to 405 months' imprisonment, but was restricted by a statutory maximum of 240 months for each count; defendant's effective guidelines range was therefore 240 months' imprisonment [Doc. 733]. The Court granted a motion for downward departure based on substantial assistance and sentenced defendant to 90 months' imprisonment, 62 percent below the guidelines range. Now, under Amendment 782, defendant's guidelines range is 262 to 327 months' imprisonment but is again restricted by the 240-month statutory maximum, resulting in an effective amended guidelines range of 240 months' imprisonment. The same 62-percent reduction from that amended guidelines range would yield a term of 90 months' imprisonment, which identical to defendant's current sentence on his drug charge.

Accordingly, the Court cannot modify the defendant's sentence. *See, e.g.*, *United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013) (stating that the defendant was ineligible for a sentence reduction because the defendant's sentence "was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'" because "the Sentencing Commission's amendments to the . . . guidelines have no effect on statutory minimum sentences mandated by Congress"); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (finding that the district court properly concluded that because the defendant was subject to a statutory mandatory minimum, the subsequent sentencing amendment "would not have lowered the applicable guidelines range"); *see also United States v. McPherson*, 629 F.3d 609, 611–12 (6th Cir. 2011) (same).

### III. Conclusion

For the reasons explained above, defendant's motion [Doc. 732] is **DENIED**.

IT IS SO ORDERED.

>                          s/ Thomas A. Varlan
>                          UNITED STATES DISTRICT JUDGE